Gregory L. Spallas, SBN 129306
Kia E. Myers, SBN 257062
PHILLIPS, SPALLAS & ANGSTADT LLP
Three Embarcadero Center, Suite 550
San Francisco, California 94111
Tel:    (415) 278-9400
Fax:    (415) 278-9411

**\*E-FILED 05-06-2010\***

Attorneys for Defendant
WAL-MART, STORES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CARMEN LEON,                                    )   Case No.: 5:09-cv-05358-JF
                                                )
                     Plaintiffs,                )
                                                )
         vs.                                    )
                                                )   **PARTIES' STIPULATED PROTECTIVE**
WAL-MART STORES, INC. AND DOES 1-               )   **ORDER**
10.                                             )
                                                )   **(MODIFIED BY THE COURT)**
                     Defendants.                )
                                                )
_____ )

The parties hereto stipulate to the following protective order:

1.    <u>PURPOSES AND LIMITATIONS</u>

         Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.   Accordingly, the parties hereby stipulate to the following Stipulated Protective Order.   The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.   The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal;

STIPULATED PROTECTIVE ORDER
United States District Court Northern District of California C:09-05358-JF

**Civil Local Rule 79-5**

1   ~~California Rule of Court 243.1~~ sets forth the procedures that must be followed and reflects the

2   standards that will be applied when a party seeks permission from the court to file material under

3   seal.

4   2.   DEFINITIONS

5        2.1   Party: any party to this action, including all of its officers, directors, employees,

6   consultants, retained experts, and respective counsel (and their support staff).

7        2.2   Disclosure or Discovery Material: all items or information, regardless of the

8   medium or manner generated, stored, or maintained (including, among other things, testimony,

9   transcripts, or tangible things) that are produced by a party to this action or generated by a party

10   to this action in disclosures or responses to discovery in this matter.

11        2.3   "Confidential" Information or Items: information (regardless of how generated,

12   stored or maintained) or tangible things that concern Wal-Mart Stores, Inc., may include but are

13   not limited to, personnel files of Wal-Mart's employees, seminar material, instruction manuals,

14   business operation plans, practice, policy and procedure guidelines, and other documentation,

15   records, and reports dealing with or relating to Wal-Mart Stores, Inc.'s corporate practices.

16   Likewise, "confidential" information or items may include, but is not limited to, medical or

17   psychological records pertaining to Plaintiff.

18        2.4   "Highly Confidential – Attorneys' Eyes Only" Information or Items: extremely

19   sensitive "Confidential Information or Items" whose disclosure to another Party or nonparty

20   would create a substantial risk of serious injury that could not be avoided by less restrictive

21   means.

22        2.5   Receiving Party: a Party that receives Disclosure or Discovery Material from a

23   Producing Party.

24        2.6   Producing Party: a Party or non-party that produces Disclosure or Discovery

25   Material in this action.

26        2.7.   Designating Party: a Party or non-party that designates information or items that

27   it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential

28   – Attorneys' Eyes Only."

STIPULATED PROTECTIVE ORDER
United States District Court Northern District of California  C 09-05358 JF

1      2.8    <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as

2 "Confidential" or as "Highly Confidential – Attorneys' Eyes Only," but shall not include those

3 same materials or other materials that are lawfully obtained from a source other than a Party to

4 this action.   A Party, however, may apply to the above-titled Court to designate as Protected

5 Material any information or materials lawfully obtained from a source other than a Party to this

6 action.

7      2.9    <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent

8 to the litigation who has been retained by a Party or its counsel to serve as an expert witness or

9 as a consultant in this action and who is not a past or a current employee of a Party or of a

10 competitor of a Party's and who, at the time of retention, is not anticipated to become an

11 employee of a Party or a competitor of a Party.  This definition includes a professional jury or

12 trial consultant retained in connection with this litigation.

13      2.10    <u>Professional Vendors</u>: persons or entities that provide litigation support

14 services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations;

15 organizing, storing, retrieving data in any form or medium; etc.) and their employees and

16 subcontractors.

17 3.    <u>SCOPE</u>

18    The protections conferred by this Stipulation and Order cover not only Protected Material

19 (as defined above), but also any information copied or extracted therefrom, as well as all copies,

20 excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by

21 parties or counsel to or in court or in other settings that might reveal Protected Material.

22 4.    <u>DURATION</u>

23    Even after the termination of this litigation, the confidentiality obligations imposed by

24 this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court

25 order otherwise directs  **For a period of six months after the final termination of this action,**
**this court will retain jurisdiction to enforce the terms of this order.**

26 5.    <u>DESIGNATING PROTECTED MATERIAL</u>

27      5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each

28 Party or non-party that designates information or items for protection under this Order must take

STIPULATED PROTECTIVE ORDER
United States District Court Northern District of California  C 09-05358 JF

1   care to limit any such designation to specific material that qualifies under the appropriate
2   standards. A Designating Party must take care to designate for protection only those parts of
3   material, documents, items, or oral or written communications that qualify – so that other
4   portions of the material, documents, items, or communications for which protection is not
5   warranted are not swept unjustifiably within the ambit of this Order.

6        If it comes to a Party's or a non-party's attention that information or items that it
7   designated for protection do not qualify for protection at all, or do not qualify for the level of
8   protection initially asserted, that Party or non-party must promptly notify all other parties that it
9   is withdrawing the mistaken designation.

10       5.2.   <u>Manner and Timing of Designations</u>. Except as otherwise provided in this
11  Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or
12  ordered, material that qualifies for protection under this Order must be clearly so designated
13  before the material is disclosed or produced.

14       Designation in conformity with this Order requires:

15       (a)    <u>for information in documentary form</u> (apart from transcripts of depositions or
16  other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL"
17  or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the bottom of each page
18  that contains protected material. If only a portion or portions of the material on a page qualifies
19  for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by
20  making appropriate markings in the margins) and must specify, for each portion, the level of
21  protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
22  ATTORNEYS' EYES ONLY").

23       (b)    <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the
24  Party or non-party offering or sponsoring the testimony identify on the record, before the close
25  of the deposition, hearing, or other proceeding, all protected testimony, and further specify any
26  portions of the testimony that qualify as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
27  ATTORNEYS' EYES ONLY."
28  //

STIPULATED PROTECTIVE ORDER
United States District Court Northern District of California   C 09-05358 JF

1    When it is impractical to identify separately each portion of testimony that is entitled to
2  protection, and when it appears that substantial portions of the testimony may qualify for
3  protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the
4  record (before the deposition or proceeding is concluded) a right to have up to 10 days to
5  identify the specific portions of the testimony as to which protection is sought and to specify the
6  level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
7  ATTORNEYS' EYES ONLY"). Only those portions of the testimony that are appropriately
8  designated for protection within the 10 days shall be covered by the provisions of this Stipulated
9  Protective Order.

10    Transcript pages containing Protected Material must be separately bound by the court
11  reporter, who must affix to the bottom of each such page the legend "CONFIDENTIAL" or
12  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" as instructed by the Party or
13  nonparty offering or sponsoring the witness or presenting the testimony. The Designating Party
14  of any such material shall bear any additional court reporter fees or costs that are caused by the
15  designation.

16    (c)    for information produced in some form other than documentary, and for any other
17  tangible items, that the Producing Party affix in a prominent place on the exterior of the
18  container or containers in which the information or item is stored the legend
19  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only
20  portions of the information or item warrant protection, the Producing Party, to the extent
21  practicable, shall identify the protected portions, specifying whether they qualify as
22  "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

23    5.3.    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to
24  designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys'
25  Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection
26  under this Order for such material. If material is appropriately designated as "Confidential" or
27  "Highly Confidential – Attorneys' Eyes Only" after the material was initially produced, the
28  //

1  Receiving Party, on timely notification of the designation, must make reasonable efforts to

2  assure that the material is treated in accordance with the provisions of this Order.

3  6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

4      6.1    Timing of Challenges. Unless a prompt challenge to a Designating Party's

5  confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

6  economic burdens, or a later significant disruption or delay of the litigation, a Party does not

7  waive its right to challenge a confidentiality designation by electing not to mount a challenge

8  promptly after the original designation is disclosed.

9      6.2    Meet and Confer. A Party that elects to initiate a challenge to a Designating

10  Party's confidentiality designation must do so in good faith and must begin the process by

11  conferring directly (in voice to voice dialogue; other forms of communication are not sufficient)

12  with counsel for the Designating Party.  In conferring, the challenging Party must explain the

13  basis for its belief that the confidentiality designation was not proper and must give the

14  Designating Party an opportunity to review the designated material, to reconsider the

15  circumstances, and, if no change in designation is offered, to explain the basis for the chosen

16  designation. A challenging Party may proceed to the next stage of the challenge process only if it

17  has engaged in this meet and confer process first.

18      6.3    Judicial Intervention. A Party that elects to press a challenge to a confidentiality

19  designation after considering the justification offered by the Designating Party may file and

20  serve a motion that identifies the challenged material and sets forth in detail the basis for the

21  challenge.  Each such motion must be accompanied by a competent declaration that affirms that

22  the moving party has complied with the meet and confer requirements imposed in the preceding

23  paragraph and that sets forth with specificity the justification for the confidentiality designation

24  that was given by the Designating Party in the meet and confer dialogue.

25      The burden of persuasion in any such challenge proceeding shall be on the Designating

26  Party. Until the court rules on the challenge, all parties shall continue to afford the material in

27  question the level of protection to which it is entitled under the Producing Party's designation.

28  //

STIPULATED PROTECTIVE ORDER
United States District Court Northern District of California  C 09-05358 JF

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 11, below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a)    the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)    the employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c)    experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d)    the court and its personnel;

(e)    court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

(f)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order. The party designating any

//

1   material in the deposition "CONFIDENTIAL" shall bear any additional court reporter fees or

2   costs that are caused by the designation.

3         (g)    the author of the document or the original source of the information.

4        7.3   Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

5   Information or Items. Unless otherwise ordered by the court or permitted in writing by the

6   Designating Party, a Receiving Party may disclose any information or item designated

7   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

8         (a)    the Receiving Party's Counsel of record in this action, as well as employees of

9   said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

10        (b)    Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary

11  for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order"

12  (Exhibit A),

13        (c)    the court and its personnel;

14        (d)    court reporters, their staffs, and professional vendors to whom disclosure is

15  reasonably necessary for this litigation; and

16        (e)    the author of the document or the original source of the information.

17        (f)    during their depositions, witnesses in the action to whom disclosure is reasonably

18  necessary.   Pages of transcribed deposition testimony or exhibits to depositions that reveal

19  Protected Material must be separately bound by the court reporter and may not be disclosed to

20  anyone except as permitted under this Stipulated Protective Order.  The party designating any

21  material in the deposition "CONFIDENTIAL" shall bear any additional court reporter fees or

22  costs that are caused by the designation.

23  8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER

24  LITIGATION.

25       If a Receiving Party is served with a subpoena or an order issued in other litigation that

26  would compel disclosure of any information or items designated in this action as

27  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the

28  Receiving Party must so notify the Designating Party, in writing (by facsimile, if possible)

STIPULATED PROTECTIVE ORDER
United States District Court Northern District of California  C 09-05358 JF

1   immediately and in no event more than three court days after receiving the subpoena or order.

2   Such notification must include a copy of the subpoena or court order.

3       The Receiving Party also must immediately inform in writing the Party who caused the

4   subpoena or order to issue in the other litigation that some or all the material covered by the

5   subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must

6   deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that

7   caused the subpoena or order to issue.

8       The purpose of imposing these duties is to alert the interested parties to the existence of

9   this Protective Order and to afford the Designating Party in this case an opportunity to try to

10  protect its confidentiality interests in the appropriate court. The Designating Party shall bear the

11  burdens and the expenses of seeking protection in that court of its confidential material – and

12  nothing in these provisions should be construed as authorizing or encouraging a Receiving Party

13  in this action to disobey a lawful directive from another court.

14  9.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

15      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

16  Material to any person or in any circumstance not authorized under this Stipulated Protective

17  Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

18  unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material,

19  (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of

20  this Order, and (d) request such person or persons to execute the "Acknowledgment and

21  Agreement to Be Bound" that is attached hereto as Exhibit A.

22  10.    <u>FILING PROTECTED MATERIAL</u>.

23      Without written permission from the Designating Party, Protected Material shall be filed

24  **in compliance with Civil Local Rule 79-5.** ~~pursuant to California Rules of Court Rules 2.550 and 2.551~~

25  11.    <u>FINAL DISPOSITION</u>.

26      Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days

27  after the final termination of this action, each Receiving Party must return all Protected Material

28  to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies,

1   abstracts, compilations, summaries or any other form of reproducing or capturing any of the
2   Protected Material. With permission in writing from the Designating Party, the Receiving Party
3   may destroy some or all of the Protected Material instead of returning it. Whether the Protected
4   Material is returned or destroyed, the Receiving Party must submit a written certification to the
5   Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day
6   deadline that identifies (by category, where appropriate) all the Protected Material that was
7   returned or destroyed and that affirms that the Receiving Party has not retained any copies,
8   abstracts, compilations, summaries or other forms of reproducing or capturing any of the
9   Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival
10   copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney
11   work product, even if such materials contain Protected Material. Any such archival copies that
12   contain or constitute Protected Material remain subject to this Protective Order as set forth in
13   Section 4, above.

14   12.   <u>MISCELLANEOUS</u>

15       12.1   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to
16   seek its modification by the court in the future.

17       12.2   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective
18   Order no Party waives any right it otherwise would have to object to disclosing or producing any
19   information or item on any ground not addressed in this Stipulated Protective Order. Similarly,
20   no Party waives any right to object on any ground to use in evidence of any of the material
21   covered by this Protective Order.

22   //
23   //
24   //
25   //
26   //
27   //
28   //

1    IT IS SO STIPULATED BY AND BETWEEN THE PARTIES THROUGH THEIR COUNSEL

2    OF RECORD:

3

4    Dated: 4/26____, 2010

5

6                                                        Frank E. Mayo
                                                         Attorney for Plaintiff

7

8    Dated: 4/27/____, 2010

9

10                                                       Gregory L. Spallas
                                                         Kia E. Myers
                                                         Attorneys for Defendants

11

12   **PURSUANT TO STIPULATION, AS MODIFIED BY THE COURT,**

     **IT IS SO ORDERED.**

13

14

15   Dated: May 6____, 2010

16                                                       Hon. Magistrate Judge
                                                         Howard R. Lloyd

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER
United States District Court Northern District of California, Case No. 5:09-cv-05358-JF

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ , of _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order agreed upon by the parties in the action styled *Carmen Leon v. Wal-Mart Stores Inc., et al, Case No. C 09-05358 JF.*

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order unless and until modified by any court Order. I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the courts in and for the state of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed:

_____

Print Name: _____

Signature: _____